PHARMACISTS — ADVERTISING OF PRESCRIPTION DRUGS — SOLICITATION BY MAIL — PRESCRIPTION BY MAIL Advertising of prescription drugs is not prohibited, however, the solicitation by mail of prescription drugs is specifically prohibited by 59 O.S. 353.24 [59-353.24](d) (1971). A pharmacist may, however, fill and deliver a prescription by mail if he is personally acquainted with the customer and if the circumstances dictate that such a method of delivery is in the best interest of the health and welfare of the customer. The Attorney General has considered your opinion request wherein you ask, in effect, the following question: Under Oklahoma law may a pharmacy, by the use of the broadcast media or a catalog, advertise its services and, by its advertisement, receive and dispense orders for prescription drugs by mail. In your opinion request you refer to two Oklahoma Statutes; the first, 59 O.S. 736.1 [59-736.1] (1971), prohibiting the advertising of prescription drugs and 59 O.S. 353.24 [59-353.24] (1971) which in part prohibits mail order prescriptions. 59 O.S. 736.1 [59-736.1] will not be set out in full in this opinion since the Attorney General has recently rendered his Opinion No. 76-239 which held, pursuant to the United States Supreme Court decision in Virginia State Board of Pharmacy, et al. v. Virginia Citizens Consumer Council, Inc., et al., ___ U.S. ___,96 S.Ct. 1817, 48 L.Ed.2d 346 and the decision of the United States District Court for the Western District of Oklahoma, AFL-CIO, et al. v. Derryberry, et al., No. 74-592-E, that the statute is unconstitutional in its prohibition of the advertisement of the price of prescription drugs. (See Attorney General Opinion No. 76-103 also issued November 23, 1976) Therefore, insofar as your question relates to a pharmacy advertising its services, this is clearly permissible under the law except insofar as the advertisement of prescription drugs or other commodities is false and misleading in contravention of 63 O.S. 1-1401 [63-1-1401] et seq. (1971). Title 59 O.S. 353.24 [59-353.24] (1971) provides in part: "It shall be unlawful for any person, firm, or corporation: "(d) To engage in any 'mail order' prescription business in which prescriptions are solicited and received through the mails for dispensing, or in which prescriptions are dispensed and delivered by mail to customers other than those personally known to the pharmacist in charge of a pharmacy and under circumstances clearly dictating that such method of delivery is in the best interests of the health and welfare of the customer." It is clear from reading this statute that mail order prescription business in Oklahoma is prohibited. Neither the cases nor the opinions previously cited regarding prescription advertising dealt with this specific problem. Virginia Citizens, supra, does seem to stand for the position that a blanket prohibition against prescription advertising was not proper. However, this case did not foreclose a state legislature from passing laws or a regulatory body from adopting rules and regulations regarding the advertisement of prescription drugs. In Oklahoma, the Legislature by 59 O.S. 353.24 [59-353.24](d) specifically prohibited mail order solicitations on prescription drugs and there is no case decision nor Attorney General's Opinion which we feel modifies this statute. This does not, however, mean that a pharmacist cannot fill a prescription by mail. The statute creates an exception when it appears that the "customer" is personally known to the pharmacist and the circumstances are such that mail delivery is in the best interest of the health and welfare of the customer. Assuming these criteria of the statute are met, a pharmacist may use the mails to fill a prescription. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Advertising of prescription drugs is not prohibited, however, the solicitation by mail of prescription drugs is specifically prohibited by 59 O.S. 353.24 [59-353.24](d) (1971). A pharmacist may, however, fill and deliver a prescription by mail if he is personally acquainted with the customer and if the circumstances dictate that such a method of delivery is in the best interest of the health and welfare of the customer. (PAUL C. DUNCAN) (ksg)